WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Treestump Woodcraft, LLC, *et al.*, | No. CV-14-02386-TUC-RM (BGM) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| The City of South Tucson, *et al.*, | |
| Defendants. | |

Currently pending before the Court is Plaintiffs' Motion to Order Clerk of Court to Enter Judgment (Doc. 55). Defendants Yolanda Loya, Joseph Mason, and Fernando Loya (hereinafter "Defendants") filed a response in opposition (Doc. 56). Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument. The Magistrate Judge recommends that the District Court deny Plaintiffs'

motion.[1]

## I. BACKGROUND

On December 16, 2014, Defendants served an offer of judgment on Plaintiffs Treestump Woodcrafts, LLC, Christine Sisco, and Ron Sisco pursuant to Rule 68, Federal Rules of Civil Procedure. *See* Pl. Christine Sisco's Acceptance of Defs.' Offer of Judgment (Doc. 32) at 3–5. On January 28, 2015, Plaintiffs Christine Sisco and Ronald Sisco filed purported Notices of Acceptance of Defendants' Offer of Judgment (Docs. 32 & 33). On May 20, 2015, Plaintiffs Christine and Ronald Sisco filed the currently pending Motion to Order Clerk of Court to Enter Judgment (Doc. 55).

## II. ANALYSIS

Plaintiffs Christine and Ronald Sisco assert that "[t]he language of the offer was ambiguous," and that they "construe[d] the offer to permit them to individually accept a settlement of $2,500.00 each." Pls.' Mot. to Order Clerk of Court to Enter Judgment (Doc. 55). Defendants argue that "no individual offer" had been made to either Ronald or Christine Sisco, and as such Plaintiffs' acceptance is invalid.

Rule 68, Federal Rules of Civil Procedure, provides in relevant part:

At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on

---

[1] The Court also reminds the parties that a request for oral argument within the parties' Joint Settlement Status Report is an improper method for requesting oral argument. *See* LRCiv. 7.2(f); *see also* Scheduling Order 2/11/2015 (Doc. 35).

specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).  "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 3014 (1985) (citations omitted).  As such, "[t]he Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id.* at 5, 105 S.Ct. at 3014.

"In determining whether an offer is proper under Rule 68, courts will apply traditional principles of contract construction." *Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994) (citations omitted).  Therefore, "[t]he offeror is the master of his offer; just as the making of any offer at all can be avoided by appropriate language or other conduct, so the power of acceptance can be narrowly limited." Restatement (Second) of Contracts § 29 (1981).  As such, "[a]n offer not accepted on its terms is rejected." *Lang*, 36 F.3d at 75.  Any ambiguities, however, are construed against the drafter. *Erdman v. Cochise County, Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991).   Unapportioned offers are not *per se* invalid.  *See Doe v. Keala*, 361 F.Supp.2d 1171, 1179 (D. Haw. 2005).

Defendants offer stated:

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, the Defendants hereby offer to allow Plaintiffs **TREESTUMP WOODCRAFTS, LLC, CHRISTINE SISCO[,] AND RON SISCO** to take judgment in this action against Defendants LOYA AND MASON in the amount of TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$2,500.00**), inclusive of all damages, including taxable court costs, interest, and attorneys' fees, if any, sought in the case.

> This Offer of Judgment is made for the purposes specified in Rule 68. It is not to be construed either as an admission that these Defendants are or may be liable in this action, or that the Plaintiffs have suffered any damage.

*See* Pl. Christine Sisco's Acceptance of Defs.' Offer of Judgment (Doc. 32) at 2 (emphasis in original). "In general, contract terms are to be given their ordinary meaning, . . . and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1549 (9th Cir. 1989) (citations omitted). The plain language of Defendants' offer provides a proposal to pay $2,500.00 to Plaintiffs Treestump Woodcrafts, LLC, Christine Sisco, and Ron Sisco, collectively, in return for a judgment in this cause of action.

As such, Plaintiffs Christine and Ron Sisco's acceptance of an offer of $2,500.00 to each of them cannot be valid. The Court declines to further analyze the propriety of Defendants' unapportioned offer of judgment, as the issue of whether the judgment finally obtained is more favorable than the unaccepted offer is not presently before it. *See* Fed. R. Civ. P. 68(d).

### III.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an Order DENYING Plaintiffs' Motion to Order Clerk of Court to Enter Judgment (Doc. 55).

Pursuant to Section 636(b), Title 28, United States Code, and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-14-2386-TUC-RM**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 10th day of December, 2015.

Honorable Bruce G. Macdonald
United States Magistrate Judge